UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUJAHID NASIRUDDIN,

                Plaintiff,

-against-

WARDEN PLILER; ELMORE, ASSISTANT WARDEN OF OPERATIONS; CAPTAIN O'KANE; LIEUTENANT McCOY; LIEUTENANT TOMLISON; LIEUTENANT LIMKHULER; CORRECTIONAL OFFICER FERRY; CORRECTIONAL OFFICER KESSLER; CORRECTIONAL OFFICER GYURITS; CORRECTIONAL OFFICER CHRISTENSON; CORRECTIONAL OFFICER GRANNELL; CORRECTIONAL OFFICER IOCOLONO; CORRECTIONAL OFFICER HURN; CORRECTIONAL OFFICER DELASSANDRO; CORRECTIONAL OFFICER; CORRECTIONAL OFFICER McPHILLIPS; CORRECTIONAL OFFICER WITKOWSKI; DR. GIRIBILLINI, PSYCHOLOGIST; NURSE SANTORELLI; KABONIC, EMT/PARAMEDIC; JOHN DOE 1-10,

                Defendants.

21-CV-7044 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated in F.C.I. Otisville, brings this *pro se* action under 28 U.S.C. § 1331, alleging that prison officials at F.C.I. Otisville used excessive force against him and denied him proper medical treatment. Plaintiff paid the filing fees to bring this action.

    By orders dated November 8, 2021 and December 17, 2021, the Court ordered the Clerk to issue summonses. (ECF Nos. 16, 43.) Plaintiff has now applied for *in forma pauperis* status and seeks the assistance of the U.S. Marshals service in serving the Defendants. (ECF Nos. 47-49.)

    Because of Plaintiff's circumstances, lack of financial resources, and difficulties in effecting service, as outlined in his motion, the Court grants Plaintiff's request to proceed *in*

*forma pauperis* and directs the United States Marshal Service to effect service in person on Defendants. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Warden Pliler; Elmore, Assistant Warden of Operations; Captain O'Kane; Lieutenant McCoy; Lieutenant Tomilson; Lieutenant Limkhuler; Correctional Officer Ferry; Correctional Officer Kessler; Correctional Officer Gyurtis; Correctional Officer Christenson; Correctional Officer Grannell; Correctional Officer Iocolono; Correctional Officer Hurn; Correctional Officer Delassandro; Correctional Officer; Correctional Officer McPhillips; Correctional Officer Witkowski; Dr. Giribillini, Psychologist; Nurse Santorelli; Kabonic, EMT/Paramedic; and Gibbs, EMT/Paramedic, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. **Because these Defendants are federal Defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to re-issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service (in person) upon the Defendants. The address for service for all Defendants is Federal Correctional Institution Otisville, Two Mile Drive, Otisville, NY 10963.

The Court extends the time to serve until 90 days after the date summonses are re-issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F.

App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Warden Pliler; Elmore, Assistant Warden of Operations; Captain O'Kane; Lieutenant McCoy; Lieutenant Tomilson; Lieutenant Limkhuler; Correctional Officer Ferry; Correctional Officer Kessler; Correctional Officer Gyurtis; Correctional Officer Christenson; Correctional Officer Grannell; Correctional Officer Iocolono; Correctional Officer Hurn; Correctional Officer Delassandro; Correctional Officer; Correctional Officer McPhillips; Correctional Officer Witkowski; Dr. Giribillini, Psychologist; Nurse Santorelli;  Kabonic, EMT/Paramedic; and Gibbs, EMT/Paramedic, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because these Defendants are federal Defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."**

The Clerk of Court is further directed to mail a copy of this order to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 4, 2022
White Plains, New York

_____
CATHY SEIBEL
United States District Judge